‘'OPINIONOF THE COURT — by the
Hon. EDWARD TURNER.
This is an action of assumpsit brought by the plaintiff below, as surviving partner of H. G. White, deceased, who were merchants and partners in trade and commerce, under the firm of White & Waide, and the decía ration contains the common counts for goods sold and delivered, work a’nd labor done, money lent and advanced, paid, laid out and expended, ánd money had and received, against the defendants below, as administrators of the estate of White, the deceased partner. Plea, non assumpsit and issue, and verdict for plaintiff.
The point now submitted to the court arises out of the charge of the judge, who presided at the last trial, to the jury, and which was excepted to by the defendant below. The judge charged the jury, that the firm could recover at law, a debt due from one of the partners, on his private account, to the “firm, and allowed the cause to go to the Jury, on the evidence stated in the bill of exceptions.
This case is not brought within any of the exceptions to the general ‘rule, “that one partner cannot maintain an action against another, whilst 'the partnership accounts remain unliquidated or unadjusted.” 3 Starkie ■on Evidence, 1082 ; 2 Starkie on Ev. 124. 2. T. R. 479; which general •rule this court recognizes. The account is not sued on as an account ■stated, norasa balance due on settlement of partnership accounts, nor is ■there any evidence that such was the state of things between the original .parties, White and Waide. It would seem that Waide. after the death of *264 White, has found the ordinary account current, which each partner would probably have, on the books of the firm,standing open against White, arid he, as surviving parter, having the right to wind up the concern, has brought suit against White’s adm’rs. without enquiring into the state of the partnership account. I think this cannot be done. I consider that if Waide could have sued White in such case, White could also have sued Waide on1 any account which Waide might have had on their books, and that the death of White does not alter the case. Most partners engaged in mercantile pursuits, vest their whole stock, in the partnership .trade, and-rely on their profits for the means of support, for themselves and families, and draw from the common stock from time to time, either money or goods, as their occasions require, and charge themselves therewith, in the form of an account current, like other customers; but whether one partner is indebted to the firm or not, is a matter depending on a final settlement of the whole concern, which final settlement will be made, accords ing to the contract of partnership, or after the dissolution thereof, by death or otherwise.
I think the court did not err in refusing to dismiss the suit; and that the defendant’s motion should have been to charge the jury as in case of a non suit. The plaintiff’s action, as brought, might have been maintained by appropriate evidence, such as showing the balance really due on a full settlement of accounts between White and Waide, and an express promise to pay; without which no recovery can be had at law. But the court erred, when they charged thejury as to the law of this case, and it seems desirable that the law of the case be settled on its broadest ground. The plaintiff’s remedy, if he has ajust demand, is in equity. The judgment of the circuit court reversed and judgment for the defendants.
Judge Black concurs.